# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERONE YOUNG, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0024-WS-MU |
| | ) |
| CITY OF MOBILE, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the motion of defendant City of Mobile ("the City") to dismiss Count VII. (Doc. 17). The plaintiff has filed a response, (Doc. 22), the defendant elected to rest on its principal brief, (Doc. 23), and the motion is ripe for resolution.

The amended complaint begins with 53 numbered paragraphs spanning thirteen pages. (Doc. 53 at 1-13). It then sets forth eight claims; Count VII asserts "breach of contract." *Id*. at 19-20). The City's motion, brought pursuant to Rule 12(b)(6), first argues that the amended complaint does not satisfy the plausibility standard of Rule 8(a) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Doc. 17 at 3-4). The City also argues that the amended complaint seeks only damages that are unavailable under Alabama law. (*Id*. at 4-5). Finally, the City argues that the plaintiff impermissibly seeks both damages and specific performance of the contract. (*Id*. at 5).

After incorporating by reference paragraphs 9-53, Count VII asserts:

> Both the employee manual and the Personnel Board Rules and [R]egulations created a binding contract with respect to the terms and conditions of employment. The City breach[ed] its contract with the Plaintiff when it divested him of the emoluments of employment, without giving him prior notice or an opportunity to challenge the City's action.

(Doc. 15 at 20). The City complains that the amended complaint fails to "attach a copy" of the contract, fails to "set forth the terms of the contract," and fails to "cite any contractual provision which he contends was breached." (Doc. 17 at 3-4). The City offers no further argument in support of its position.

The City identifies no rule that a plaintiff must attach a copy of any contract on which he sues, and there is no such rule. Count VII expressly identifies the contract as the employee manual and Personnel Board rules, and the City does not purport to be ignorant of these documents or their contents; nor does the City offer any authority for the proposition that a complaint must set forth all terms of a contract, even terms not alleged to have been breached.

As noted, Count VII incorporates paragraphs 9-53. Paragraphs 31-37 describe how the City "stripp[ed] the Plaintiff of all of his supervision responsibilities" by internal, unilateral action, resulting in a "*de facto* demotion." (Doc. 15 at 10).[1] Paragraphs 49-51 identify three Personnel Board rules that the City violated by demoting the plaintiff. (*Id*. at 12-13). Paragraph 53 notes that the employee manual provides that the Personnel Board rules were created for certain specified reasons. (*Id*. at 13). The amended complaint thereby identifies the provisions of the employee manual and the Personnel Board rules that the plaintiff alleges were breached.[2] Whether those documents actually constitute a contract between the plaintiff and the City, and whether action contrary to the cited provisions did or could constitute a breach of contract, are not issues presented by the City's motion.

Count VII alleges that the plaintiff "suffered humiliation[,] embarrassment and emotional distress" as a result of the breach of contract. (Doc. 15 at 20). Count VII also asserts the plaintiff is "entitled" to "economic damages." (*Id*.).

---

[1] Paragraphs 38-42 attribute the City's action to retaliation for the plaintiff's pursuit of a race discrimination lawsuit. (Doc. 15 at 11).

[2] The City's single-sentence dismissal of the amended complaint's factual allegations, (Doc. 17 at 3 n.2), is not persuasive.

The *ad damnum* clause claims compensatory damages for breach of contract in the form of "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life." (*Id*. at 22). The City argues that emotional distress damages are non-recoverable for breach of an employment contract as a matter of law. (Doc. 17 at 4-5).

"[N]o recovery has ever been allowed for mental distress arising from the wrongful discharge of an employee in breach of an employment contract." *Southern Medical Health Systems, Inc. v. Vaughn*, 669 So. 2d 98, 101 (Ala. 1995) (internal quotes omitted). That result has remained consistent in the intervening years. *Hobson v. American Cast Iron Pipe Co*., 690 So. 2d 341, 344 (Ala. 1997) ("This Court has not recognized claims for emotional distress in an employment case. … We conclude that our law would preclude [the plaintiff] from any recovery for emotional distress on a claim of wrongful termination."); *Wyatt v. BellSouth, Inc*., 757 So. 2d 403, 408 (Ala. 2000) ("Our law also requires that the plaintiff prove an independent tort in order to recover damages for mental anguish in an employment setting. … Surely, as an employee at will, [a terminated employee] cannot recover compensatory damages for mental anguish when employees whose employment was not at will could not have recovered."); *Carraway Methodist Health Systems v. Wise*, 986 So. 2d 387, 400 (Ala. 2007) ("Based upon all the facts and circumstances presented here, we do not consider this to be 'the case' in which we should recognize the availability of mental-anguish damages arising out [of] the breach of an employment contract.").

The plaintiff does not dispute the import of these cases: Alabama law does not permit him to recover emotional distress damages because he was constructively demoted without following proper procedures. Instead, he asserts that, "[p]rior to a final determination of liability, the damages sought hardly seems a proper subject for a Rule 12(b)(6) pleading stage dismissal." (Doc. 22 at 3). Were the plaintiff seeking only emotional distress damages as relief, his legal inability to recover such damages would defeat an element of his claim and thus

3

subject Count VII to dismissal for failure to state a claim. But, as noted, the plaintiff also seeks "economic damages" and damages for "inconvenience" and "loss of enjoyment of life." (Doc. 15 at 22). Because the City has not addressed these elements of alleged damage, it has failed to show that they are all non-recoverable as a matter of law. It has therefore failed to demonstrate its entitlement to the only relief it seeks, *viz*., dismissal of Count VII. (Doc. 17 at 1, 5).

In addition to damages for breach of contract, the plaintiff seeks "an order compelling specific performance, consistent with the terms of the contract." (Doc. 15 at 20). The City points out that the plaintiff cannot both recover damages and receive specific performance. "As … Plaintiff improperly asserts that he is entitled to both of two mutually exclusive remedies, Plaintiff's claim for breach of contract is due to be dismissed." (Doc. 17 at 5). The City, however, engages in no discussion of election of remedies, when that election must occur, and what the consequences are of not making an election. The Court will not undertake such an effort on the City's behalf.

For the reasons set forth above, the City's motion to dismiss is **denied**.

DONE and ORDERED this 9th day of May, 2017.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE